IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-208-BO

| | |
|---|---|
| DAVID S. EATON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHASE HOME FINANCE LLC, )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the Court on defendant Chase Home Finance LLC's[1] ("Chase") motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). [DE 9]. The motion is ripe for adjudication. For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against Chase on May 19, 2014. Plaintiff alleges, in a single paragraph, that his house was foreclosed on in 2010, that he was promised a loan modification, but was denied, and that in 2012, the United States Department of Agriculture started garnishing his wages which forced him to file for Chapter 7 bankruptcy. Based on these allegations, plaintiff seeks $350,000 from Chase in punitive and compensatory damages.

## DISCUSSION

A Rule 12(b)(6) motion challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v.*

---

[1] On May 1, 2011, Chase Home Finance LLC merged with and into JPMorgan Chase Bank, N.A., with JPMorgan Chase Bank, N.A. as the surviving entity. *See Gardocki v. JP Morgan Chase Bank, N.A.*, 538 Fed. App'x 459, 460 (5th Cir. 2013).

*Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quotations omitted). However, the Court is not required to accept without question a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and the Court cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, defendant raises the issue of the statute of limitations period and argues that plaintiff's claim is time barred by the applicable statute of limitations. Whether plaintiff's claim for relief sounds in contract or negligence, the statute of limitations period is the same. North Carolina law establishes a three-year limitations period for a breach of contract claim. N.C. Gen. Stat. § 1-52(1). North Carolina law also establishes a three-year limitations period for claims of negligence. N.C. Gen. Stat. § 1-52(5). Both claims accrue when the contract is breached or when the negligent act is committed even though damages at the time be nominal and injuries cannot be discovered until a later date. *Harold v. Dowd*, 561 S.E.2d 914, 918 (N.C. App. 2002).

Although plaintiff asserts that a "discovery of harm rule" should apply in this instance that is clearly not the case.

Here, plaintiff filed the instant action on April 14, 2014. Plaintiff affirmatively pleads that the wrongful foreclosure occurred in 2010 and a review of the Wake County Registry confirms that plaintiff's real property was sold under the power of sale in the deed of trust and that the Substitute Trustee's Deed was recorded on August 2, 2010. [DE 10-1]. Plaintiff has alleged no fact that can plausibly establish that Chase breached an agreement or violated a duty towards plaintiff within three years of the filing of this action. Therefore plaintiff's action is time barred under North Carolina law and must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [DE 9] is GRANTED. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE. The Clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the 28 day of July, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3